HUELVA, DEMANDANTE Y APELADA, *v.* CLIVILLÉS ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre nulidad de partición y reclamación de herencia.

No. 1424.—Resuelto en julio 20, 1916.

SUSTITUCIÓN DE HEREDEROS—SUSTITUCIÓN SIMPLE—SUSTITUCIÓN SIN EXPRESIÓN DE CASOS—HEREDERO SUSTITUTO.—En este caso el testador instituyó por herederos a cuatro hijos naturales nacidos, respectivamente, en los años de 1900, 1901, 1906 y 1909, terminando la institución con las siguientes palabras: ''Y los hago mutuamente sustitutos unos de otros.'' Uno de los hijos, o sea el nacido ·en 1909, falleció en 1914, habiendo fallecido antes su padre. Con tal motivo la madre pretende ser única heredera del mismo, mientras que los tres hermanos sobrevivientes reclaman los derechos consiguientes a la sustitución pupilar. *Se estableció:* que de acuerdo con el artículo 762 del Código Civil Revisado, cuando el testador establece una sustitución sin expresión de casos, dicha sustitución debe entenderse en el sentido de que el heredero sustituto será llamado a la herencia en el caso de que el heredero instituído no llegue a serlo, bien por su fallecimiento antes que el testador, bien porque no quiera aceptar la herencia, bien porque no pueda aceptarla.

TESTAMENTO—USO DE FRASES O PALABRAS DEFINIDAS EN LAS LEYES—INTERPRETACIÓN DE TESTAMENTO.—Cuando en un testamento donde se establecen derechos u obligaciones que han de constituir materia jurídica, se hace uso de frases o palabras que tienen sentido o significado definido en las leyes, deben ser entendidas en dicho sentido.

SUSTITUCIÓN DE HEREDEROS—SUSTITUCIÓN VULGAR Y PUPILAR—TESTAMENTO—HEREDERO ABINTESTATO.—En una de las cláusulas del testamento, el testador expresa su voluntad de que los herederos no podrán disponer de su herencia hasta llegar a su mayor edad, privando a la madre durante la menor edad de sus hijos de que administre aquellos bienes que no estén comprendidos dentro del tercio de legítima que a ellos corresponde. *Se resolvió:* que tal disposición no tiene el alcance de que fuera también la intención del testador la de que en caso del fallecimiento de alguno de sus hijos después que el testador y antes de cumplir los catorce· años de edad sólo adquiriera la madre los dere-

chos legitimarios correspondientes, pues no hubo provisión alguna para tal evento; que la sustitución de que se trata siendo como es vulgar y no pupilar quedó caducada y sin efecto desde el momento en que el hijo muerto sobrevivió a su padre el testador y llegó a ser uno de sus herederos; y que siendo ello así, al fallecer el hijo, su madre era la llamada a heredarle abintestato con arreglo al artículo 910 del Código Civil.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Antonio Suliveres.*

Abogado de la apelada: *Sr. R. Agrait Aldea.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por el abogado Antonio Suliveres como defensor de los menores demandados, José, Emanuel y Julio Juan Clivillés Huelva, y en representación del también demandado Francisco Gandía, contra sentencia que en 27 de julio de 1915 dictó la Corte de Distrito de Arecibo declarando que Juana Huelva López es heredera libre de su hijo Enrique Alberto Clivillés en todos los bienes de la herencia de éste, relictos al fallecimiento de su padre Don José Clivillés Valencia, sin especial condenación de costas.

Solicita la demandante Juana Huelva López en la demanda, se declare que la partición de los bienes de Don José Clivillés Valencia tal como fué hecha por los contadores partidores es nula y sin ningún valor y efecto por cuanto perjudica e invade derechos legitimarios y hereditarios de la demandante, única y universal heredera del niño Enrique Clivillés Huelva, y que dicha partición debe hacerse adjudicando a la demandante como tal heredera todos los bienes que correspondían a su hijo en la herencia de José Clivillés Valencia.

De las alegaciones de la demanda y de la contestación, y de las pruebas practicadas en el juicio, resulta:

1º. Que en 28 de mayo de 1914 Don José Clivillés Valencia otorgó en la ciudad de Arecibo y ante el notario Don Antonio Suliveres Rivera testamento cerrado en el que después de declarar "que no tiene ascendientes ni descendientes legítimos pero sí cuatro hijos naturales habidos con Juana

Huelva y López nombrados Julio Juan, que nació el 12 de abril de 1906; Enrique Alberto que nació el 23 de octubre de 1909; Manuel que nació el 31 de diciembre de 1901; y José que nació el 20 de octubre de 1900, todos los que tiene reconocidos en el Registro Civil de Arecibo como sus hijos naturales,'' hace la institución de herederos en la siguiente forma: ''En el remanente de todos mis bienes y derechos instituyo y nombro como mis únicos y universales herederos a mis hijos naturales reconocidos Julio Juan, Enrique Alberto, Manuel y José Clivillés, y los hago mutuamente sustitutos unos de otros.''   Esa institución de herederos aparece afectada por la siguiente condición: ''En todos los bienes y derechos dejados como herencia a mis citados hijos naturales que excedan del importe de sus legítimas, o sea de la tercera parte de los que aparezcan luego de mi fallecimiento, impongo la condición de que sean administrados por Don Francisco Gandía, vecino de Arecibo, y en sustitución de éste Don Nicolás Siragusa, y en su defecto el que la Corte de Distrito de Arecibo designe, y sus rentas y productos, deduciendo el 10 por ciento por retribución de los trabajos y gastos del administrador, se invertirán proporcionalmente en el sostenimiento e instrucción de los citados herederos hasta que hayan obtenido alguna profesión, ocupación u oficio.   Tal administración cesará al ser mayor cada uno de los herederos en cuanto al mismo corresponda, continuando en cuanto a los menores de edad hasta su mayoría de edad.   Es mi voluntad terminante, que durante la menor edad de mis hijos y herederos, todos aquellos bienes que no estén comprendidos dentro del tercio de legítima que a ellos corresponde, no sean administrados por la madre de los mismos, y sí por los administradores que designo, y en su defecto por los que la Corte de Distrito de Arecibo nombre con tal objeto.''

2. Que José Clivillés Valencia falleció en 24 de septiembre de 1914 bajo el testamento de que se deja hecho mérito, cuya protocolización fué hecha en el registro del notario Don

Antonio Suliveres por auto de la Corte de Arecibo de 3 de octubre de 1914.

3° Que en 1°. de noviembre de 1914 falleció Enrique Clivillés Huelva, uno de los hijos y herederos de José Clivillés Valencia.

4°. Que la Corte de Distrito de Arecibo por orden de 16 de diciembre de 1914 declaró única y universal heredera del finado Enrique Clivillés Huelva a su madre natural Juana Huelva López.

5°. Que en 18 de febrero de 1915 procedióse a la partición de los bienes de Don José Clivillés Valencia concurriendo al acto los albaceas testamentarios del finado Don Andrés Gandía Córdova y Don Manuel Siragusa, los contadores también nombrados por el testador Don Manuel Martínez Roselló y Don Francisco Marchese Correa, Don Antonio Suliveres Rivera como defensor de los menores Don José, Don Manuel, y Don Julio Juan Clivillés Huelva, y Doña Juana Huelva López como heredera del otro hijo fallecido Enrique Alberto Clivillés Valencia, asistiendo también en concepto de peritos tasadores de los bienes muebles e inmuebles Don Ramón Ramos Casellas y Don Adrián Padilla Mercado, y en dicha partición fué distribuída una tercera parte de la herencia de Clivillés entre los tres hijos supervivientes del finado y la demandante como madre del niño fenecido Enrique Clivillés, a partes iguales, distribuyéndose las dos terceras partes restantes entre los tres hijos supervivientes Julio Juan, José y Manuel Clivillés Huelva, después de deducido el importe de un legado de $100 dispuesto por el testador.

6°. Que para la anterior divisoria de bienes se estableció la siguiente base o supuesto: "Toda vez que la intención del testador al instituir herederos a sus cuatro hijos naturales reconocidos, fué que en caso de muerte de alguno de ellos, se heredaran unos a otros los supervivientes en la parte de libre disposición, cosa que en manera alguna podía disponer respecto de la forzosa, como lo evidencia la cláusula condicional subsiguiente para la institución, en cuya cláusula

prohibe terminantemente toda intervención de la madre de dichos herederos en la administración de los bienes de la parte de libre disposición, para lo cual nombró desde luego un administrador con facultades especiales y le nombra un sustituto y hasta autoriza a la corte de distrito para que en su defecto designe otro, todo ello haciendo uso del derecho que le concede el artículo 763 en relación con el 765 del Código Civil Revisado, claro es que debe procederse a la partición del caudal hereditario con arreglo a lo dispuesto por dicho testador, o sea, determinando separadamente la cuantía y el concepto por el cual se hacen las adjudicaciones a los tres herederos supervivientes y a la madre de éstos por lo que respecta al otro hijo fenecido.

7°. Que Juana Huelva López no sólo hizo constar al final de la divisoria su inconformidad con ésta sino que al ser presentada a la Corte de Distrito de Arecibo para su aprobación formuló oposición, entre otras razones que no son. atinentes al presente caso, por el fundamento de que siendo ella única heredera de su hijo Enrique Clivillés, uno de los herederos del finado Don José Clivillés, han sido adjudicadas dos terceras partes de la herencia del Enrique Clivillés a sus hermanos.

8°. Que estimando la corte de Arecibo que la oposición formulada por Juana Huelva López envolvía una cuestión de derecho sustantivo que requería una resolución judicial previa por los amplios trámites del juicio declarativo con anterioridad a toda consideración que hubiera de hacerse sobre el proyecto de partición presentado, dispuso, por orden de 3 de marzo de 1915 se suspendieran las actuaciones en el estado en que se encontraban hasta que fuera resuelta en el juicio correspondiente la cuestión planteada por la parte opositora.

En consonancia con la expresada orden de 3 de marzo de 1915, se presentó por Juana Huelva, la demanda que ha originado el presente pleito.

La cuestión esencial en el presente recurso versa sobre

la interpretación que debe darse a la cláusula de institución de herederos del testamento otorgado por Don José Clivillés Valencia, pues mientras la parte demandante sostiene que esa cláusula envuelve la clase de sustitución nombrada vulgar a que se refiere el artículo 762 del Código Civil reformado, la parte demandada sostiene que se trata de la sustitución llamada pupilar a que se refiere el artículo siguiente o sea el 763 del mismo código.

Esos artículos dicen así:

"Artículo 762.—Puede el testador sustituir una o más personas al heredero o herederos instituídos para el caso en que mueran antes que él, o no quieran, o no puedan aceptar la herencia.

"La sustitución simple, y sin expresión de casos, comprende los tres expresados en el párrafo anterior, a menos que el testador haya dispuesto lo contrario.

"Artículo 763.—Los padres y demás ascendientes podrán nombrar sustitutos a sus descendientes menores de catorce años, de ambos sexos, para el caso de que mueran antes de dicha edad."

El artículo 762 que dejamos transcrito, no deja lugar a dudas. Cuando el testador establece una sustitución, sin expresar un caso concreto, o sea, de una manera simple, la ley dispone que se consideren comprendidos en tal sustitución los tres casos del apartado 1º. de dicho artículo, a saber: primero, que el heredero instituído muera antes que el testador; segundo, que no quiera aceptar la herencia, y tercero, que no puede aceptarla. En síntesis, la sustitución sin expresión de casos debe entenderse en el sentido de que el heredero sustituto será llamado a la herencia en el caso de que el heredero instituído no llegue a serlo, bien por su fallecimiento antes que el testador, bien porque no quiera aceptar la herencia, bien porque no pueda aceptarla.

Ninguna de esas condiciones se ha realizado en el presente caso pues el heredero Enrique Alberto Clivillés y Huelva de cuya herencia se trata, falleció después que el testador y no aparece que renunciara la herencia de éste o no la aceptara. Lejos de ello, la misma demandante, madre

del difunto Enrique, consigna en su demanda la alegación
de que su referido hijo no estuvo en manera alguna imposi-
bilitado para aceptar la herencia de José Clivillés Valencia,
habiéndola aceptado tácitamente como uno de los sucesores
del mismo, y según consta del proyecto de partición de bie-
nes del difunto José Clivillés en que intervinieron los meno-
res demandados representados por su defensor, fué un hecho
admitido y por tanto ajeno a discusión que el menor Enrique
llegó a ser heredero de su padre. Tan es así que se adjudi-
caron a la madre como heredera del niño una tercera parte
de sus bienes, y las otras dos terceras partes a los demás
hermanos.

No aparece en el testamento de José Clivillés y Valen-
cia cláusula alguna que contradiga, modifique o anule las
palabras del testador sobre institución de herederos y éstas
no ofrecen ambigüedad ni duda sobre su significación.

Pero es que si alguna duda hubiera sobre la clase de sus-
titución que pretendió establecer el testador y de si era vul-
gar o pupilar, esa duda quedó desvanecida por el precepto
terminante del segundo apartado del artículo 762 del Código
Civil, expresivo de que la sustitución simple y sin expresión
de casos comprende los tres expresados en el párrafo ante-
rior a menos que el testador haya dispuesto lo contrario,
sin estatuir que también fuera comprendida, cuando hubiera
términos hábiles para ello, la sustitución pupilar. Cuando
en un testamento donde se establecen derechos u obligacio-
nes que han de constituir materia jurídica se hace uso de
frases o palabras que tienen sentido o significación defini-
dos en las leyes, deben ser entendidas en dicho sentido. Sen-
tencia del Tribunal Supremo de España de 27 de octubre
de 1903. La sustitución sin expresión de casos tiene su sig-
nificación definida por la ley y no cabe, por tanto, darle otra
significación distinta.

José Clivillés Valencia no nombró herederos sustitutos
a sus hijos, unos de otros, para el caso de muerte de alguno
de ellos antes de llegar a los catorce años de edad, y si inter-

pretáramos en ese sentido la cláusula de institución de herederos hecha por aquél, le daríamos una extensión que sus palabras no tienen.

Invoca la representación de la parte apelante en apoyo de su contención, la cláusula del testamento de José Clivillés en que el testador expresa su voluntad de que los herederos no podrán disponer de su herencia hasta llegar a la mayoría de edad, privando a la madre durante la menor edad de sus hijos de que administre aquellos bienes que no estén comprendidos dentro del tercio de legítima que a ellos corresponde.

Tal disposición testamentaria no puede tener el alcance que pretenden los apelantes. El testador quiso privar a la madre de la administración de los bienes de sus menores hijos no comprendidos dentro del tercio de la legítima; pero no podemos aceptar como consecuencia que fuera también su intención la de que en caso de fallecimiento de alguno de sus hijos después del testador y antes de cumplir los catorce años de edad, sólo adquiriera la madre los derechos legitimarios correspondientes. No hubo provisión alguna para tal evento.

Entendiendo como entendemos que la sustitución de que se trata es vulgar y no pupilar, aquélla quedó caducada y sin efecto desde el momento en que el heredero Enrique Clivillés sobrevivió a su padre el testador, y llegó a ser uno de sus herederos. Siendo ello así, al fallecer Enrique Clivillés, su madre la demandante Juana Huelva es llamada a heredarlo abintestato, con arreglo al artículo 910 del Código Civil.

Opuso la parte apelante a la demanda en la corte inferior la excepción de que los hechos no determinaban causa de acción por pedirse la nulidad del proyecto de partición de bienes aún no aprobado por la corte y sujeto a la Ley de Procedimientos Legales Especiales. Esa misma excepción ha sido alegada también ante esta Corte Suprema.

Como la corte inferior, según indicamos al principio, no

hizo pronunciamiento alguno sobre la expresada nulidad y se limitó a declarar que Juana Huelva López es heredera libre de su hijo Enrique Alberto Clivillés sobre todos los bienes de la herencia de éste, huelga discutir aquella excepción.

Por las razones expuestas, es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino.